UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.:

**ANGELIQUE HARRELL**, individually and
on behalf of all others similarly situated,

  *Plaintiff*,

     vs.

**MENDOTA INSURANCE COMPANY**, a
Tennessee Corporation

  *Defendant*.

_____/

**CLASS ACTION**

# CLASS ACTION COMPLAINT

Plaintiff Angelique Harrell ("Plaintiff"), individually and on behalf of all others similarly situated, files this Class Action Complaint against Mendota Insurance Company ("Mendota" or "Defendant"), and alleges:

## NATURE OF THE ACTION

1. This is a class action lawsuit by Plaintiff, the named insured under a Mendota automobile policy issued for private passenger auto physical damage coverage (the "Policy"),[1] including collision or physical damage other than collision, that required payment of "Actual Cash Value" or "ACV" in the case of a total loss of the insured vehicle. Plaintiff brings a claim for breach of contract and.

2. Defendant is a large private insurance company that, based upon Plaintiff's information and belief, collects hundreds of millions of dollars in private-passenger automobile

---

[1] Plaintiff's Insurance Policy is attached hereto as Exhibit A.

physical damage coverage premiums every year from its insureds. Among other coverages, Defendant offers collision or other than collision coverage. Upon information and belief, Defendant systematically underpaid Plaintiff and tens of thousands of other putative class members in amounts Defendant owed its insureds in ACV payments for total loss vehicles insured with physical damage coverage.

3. This lawsuit is brought by Plaintiff individually and on behalf of all other similarly situated insureds who suffered damages due to Defendant's practice of failing to make full ACV payments or full total loss payment to first-party total-loss insureds with physical damage coverage, including collision or other than collision coverage. Specifically, as a matter of uniform practice and procedure, Defendant fails to include vehicle title transfer and vehicle registration fees ("Vehicle Title and Registration Fees") in its calculation of ACV when making total-loss payment to its insureds.

4. Defendant's failures to make full total loss payment on first-party total losses owed to its insureds and to condition payment of Vehicle Title and Registration Fees on actions not required by the Policy itself are breaches of the Policy and clear breaches of contract.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(d)(2)(A) because at least one member of the putative class is a citizen of a different state than Defendant, there are more than 100 members of the putative class, and, upon information and belief, the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs.

6. Venue is also proper in this Court because a substantial part of the events or omissions giving rise to the claims occurred in this District and Defendant is subject to personal jurisdiction in this district.

**PARTIES**

7. At all times material hereto, Plaintiff is and was a Florida citizen and domiciled in Duval County.

8. At all times material hereto, Defendant is and was a corporation located in the State of Tennessee and authorized to transact insurance in the State of Florida and conducting a substantial part of its business in Duval County, Florida. Defendant's principal place of business and headquarters are both located in the State of Tennessee.

**FACTUAL ALLEGATIONS**

9. The Policy includes Defendant's standardized language as to physical damage coverage, including collision or other than collision coverage, including payment of the ACV of an insured vehicle in the even of a total loss.

10. Under the Policy and applicable state law, ACV includes an obligation to pay sales tax and Vehicle Title and Registration Fees for total loss vehicle collision or other than collision coverage (full total loss payment).

11. As demonstrated by Plaintiff's experience, Defendant does not pay Vehicle Title and Registration Fees when determining and paying the ACV to its insureds, contrary to its obligations under the Policy to pay its insureds the full amount of the total loss of an insured's vehicle.

12. Plaintiff owned a 2006 Ford Explorer, Vin # 1FMEU75E16UA38616 (the "Insured Vehicle"), which was insured under the Policy with Defendant.

13. Under the Policy, Defendant committed to pay Plaintiff the lesser of "the actual cash value" of the stolen or damaged property or the "amount necessary to replace the stolen or damaged property." *See* Exhibit A at 24.

14. States in which Defendant operates require that cars be properly titled and registered and that cars have proper license plates (or tags). Thus, the ACV of damaged or stolen vehicles includes Vehicle Title and Registration Fees.

15. ACV is defined in the Policy as "the fair market value of the stolen or damaged property at the time of the accident or loss." Exhibit A at pg. 3.

16. The Insurance Policy's language applies to all covered autos irrespective of ownership interests—whether owned, financed, or leased.

17. In turn, the Policy does not exclude: (1) Vehicle Title and Registration Fees from ACV; or (2) any provision deferring or conditioning payment of vehicle title and registration fees for any purpose whatsoever.

18. On or about March 15, 2017 Plaintiff was involved in an accident while operating the Insured Vehicle. As a result of said accident, Plaintiff filed a claim for property damage with Defendant, claim number MOXO369001 (the "Claim").

19. Following the filing of Plaintiff's Claim, Defendant determined that the Insured Vehicle was a total loss with a base value of $8,792.00. Defendant also included $577.52 for taxes, subtracted $3,036.03 for "storage deduction," and subtracted $500.00 as the deductible for a total value of $5,833.49. *See* Exhibit B.

20. The base value was calculated by an independent vehicle valuation company AudaExplore, which bases vehicles valuations on the cost to purchase similar vehicles with similar conditions and mileage.

21. AudaExplore created a Vehicle Valuation Report (the "Valuation Report") which did not include an amount for Vehicle Title and Registration Fees. *See* Exhibit C.

22. There is no relevant language in the Insurance Policy to condition any payment of

Vehicle Title and Registration Fees after Defendant determines there to be a total loss on proof that a new vehicle was purchased.

23. Defendant breached its Policy with Plaintiff by failing to pay any amount for Vehicle Title Transfer or Registration Fees when it purportedly paid Plaintiff the ACV associated with the total loss of the Insured Vehicle.

24. By not including amounts for Vehicle Title Transfer or Registration Fees in its calculation of ACV paid to insureds, Defendant limits the amount it is required to pay Plaintiff and its insureds.

25. Every form Policy applicable to Plaintiff and the Class Members contains materially identical language concerning ACV payments owed to insureds.

26. Plaintiff and all members of the putative class satisfied all conditions precedent, or such conditions precedent were waived or excused.

## CLASS ALLEGATIONS

27. Plaintiff brings this action on behalf of itself and a class of all others similarly situated. This action is brought and is properly maintained as a class action pursuant to Federal Rule of Civil Procedure 23(a) (b)(3).

28. Plaintiff seeks to represent a putative class (the "Class") defined as follows:

All individuals insured by Mendota with insurance that covers a vehicle with private-passenger physical damage coverage, including collision or other than collision coverage, who made a first party claim that was adjusted by Mendota as a total loss and who received an actual cash value payment from Mendota that did not include an amount for Vehicle Title and Registration Fees.

29. Excluded from the Class are Defendant and its subsidiaries and affiliates; its officers, directors, and members of their immediate families; any entity in which Defendant has a controlling interest; the legal representatives, heirs, successors, or assigns of any such excluded

party; and any judicial officer to whom this action is assigned and the members of his or her immediate families.

30. Plaintiff reserves the right to modify or amend the definition of the proposed Class and/or to add subclasses if necessary before this Court determines whether certification is appropriate.

### A.   Numerosity

31. Although the precise number of members of the Class are unknown to Plaintiff at this time and can only be determined through appropriate discovery, Plaintiff believes that because Defendant is a large, national insurer and writes hundreds of millions of dollars of private-passenger physical damage coverage policies, the Class affected by Defendant's unlawful practice consists of tens of thousands of insureds or the Class is otherwise so numerous that joinder of all Class members is impractical.

### B.   Commonality

32. Defendant's conduct towards the Class raises common questions of law and fact. These common questions include, but are not limited to, the following:  (a) whether, under the Defendant's standardized policy language, Plaintiff and the Class members are Vehicle Title and Registration Fees as a part of the ACV payment upon the total loss of an insured vehicle; and (b) whether the Defendant breached its respective insurance contracts with Plaintiff and the Class members by failing to pay Vehicle Title and Registration Fees as a part of its ACV payments upon the total loss of an insured vehicle.

### C.   Typicality

33. Plaintiff's claims are typical of the claims of all other members of the Class because all such claims arise from the Defendant's failure to pay Vehicle Title and Registration Fees on

total loss claims of insured vehicles. The material facts underlying the claims of each putative class member are the same material facts as those supporting the Plaintiff's claim alleged herein and require proof of the same material facts.

### D. Adequacy

34. Plaintiff can and will adequately represent the putative class and its interests are common to, and coincident with, those of all absent class members. By proving her individual claims, Plaintiff will necessarily prove the claims of the Class and prove Defendant's liability to the Class. Plaintiff has no known conflicts of interest with any members of the Class; her interests and claims are not antagonistic to those of any other Class members; nor are its claims subject to any unique defenses.

35. Plaintiff's counsel have extensive experience in complex commercial litigation, class actions, and have adequate financial resources to ensure that the interests of the Class will not be harmed.

### E. Predominance and Superiority

36. Defendant's conduct was uniform with respect to all prospective Class members. Accordingly, common questions of law and fact predominate over individual questions.

37. In addition, class treatment is a superior form of adjudication than the prosecution of individual claims and provides a substantial benefit to the court and litigants by avoiding a multiplicity of suits, and the risk of inconsistent results.

38. Because the Class encompasses tens of thousands of claims, a single, national class action is plainly more efficient than many thousands of individual law suits, each requiring the same discovery and proofs. Given the relatively small amount of the claim(s) of each putative Class member, it is likely that absent class representation, such claims would not be brought, and

the Class would never have appropriate redress for Defendant's improper conduct. A class action is superior and more efficient to other available methods for the fair and efficient adjudication of this controversy.

39. Class treatment ensures uniformity and consistency in results, enables the many small claims of Class members brought efficiently, and will provide optimum relief to Class members for their past and future injuries, as well as deter Defendant and other similar businesses from engaging in such wrongful conduct in the future.

40. The Class is not so large that it would be unmanageable, and no difficulties are foreseen providing notice to individual claimants because Defendant keeps records of insurance policies and claims of prospective Class members during the class period, including records of total loss vehicles. Therefore, both the membership of the Class and the amount of individual damages is readily ascertainable from Defendant's records.

## COUNT I
## CLAIM FOR BREACH OF CONTRACT

41. The allegations contained in the foregoing paragraphs are incorporated by reference.

42. This count is brought by Plaintiff on behalf of herself and the Class.

43. Plaintiff was party to a contract, the Policy, with Defendant as described herein. *See* Exhibit A. All Class members were parties to similar automobile insurance policies with Defendant that contained materially identical terms to Plaintiff's Policy.

44. Plaintiff and members of the putative Class made claims that Defendant determined to be a covered claims and first party total losses under the their respective insurance policies.

45. Defendant, in paying the total loss claim, determined that Plaintiff and each Class member complied with the terms of their respective insurance contracts and thus had fulfilled all

duties and conditions under the such contracts necessary to be paid for the total loss class of an insured vehicle.

46. Pursuant to Defendant's Policy, upon the total loss of Plaintiff's and the Class's insured vehicles, the Plaintiff and every Class member were owed the full ACV, including unconditional payment Vehicle Title and Registration Fees. Defendant failed to include Vehicle Title and Registration Fees in its payments to Plaintiff and the Class, and thus failed to pay the vehicle's ACV.

47. Defendant's failure to provide the promised coverage constitutes a material breach of contract.

48. As a result, Plaintiff and the Class members are entitled to the full ACV payment, including Vehicle Title and Registration Fees, as well as prejudgment and post-judgment interest and other relief as is appropriate.

## RELIEF REQUESTED

WHEREFORE, Plaintiff, individually and on behalf of the putative Class, demands relief and judgment as follows:

1. For an Order certifying this action as a Class Action on behalf of the Class described above;

2. For an award of compensatory damages for the Class in amounts owed by Defendant;

3. For injunctive relief requiring Defendant to unconditionally pay Vehicle Title and Registration Fees;

4. For all other damages according to proof;

5. For an award of attorney's fees and expenses as appropriate pursuant to applicable

law;

6. For costs of suit incurred herein;

7. For pre- and post-judgment interests on any amounts awarded; and

8. For other and further forms of relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.


Dated: May 9, 2019.                                    Respectfully submitted,


**SHAMIS & GENTILE, P.A.**
Andrew J. Shamis
ashamis@shamisgentile.com
14 NE 1st Avenue, Suite 400
Miami, Florida 33132
Telephone: (305) 479-2299
Facsimile: (786) 623-0915


**EDELSBERG LAW, PA**
Scott Edelsberg
scott@edelsberglaw.com
Jordan D. Utanski
utanski@edelsberglaw.com
2875 NE 191st ST #703
Aventura, FL 33180
Telephone: (305) 975-3320

**NORMAND LAW, PLLC**
Edmund A. Normand
Jacob Phillips
62 West Colonial Street, Suite 209
Orlando, Florida 32814
Telephone:  407-603-6031
ed@ednormand.com
jacob@ednormand.com